IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HINKLE FAMILY FUN CENTER, LLC,**
**BRYAN HINKLE, and DOUGLAS HINKLE,**

            **Plaintiffs,**

                              **Civil Action No. _____**

**v.**

**MICHELLE LUJAN GRISHAM,**
Individually, Acting Under the Color of Law,
**and KATHYLEEN M. KUNKEL,**
Individually, Acting Under the Color of Law,

            **Defendants.**

## <u>*VERIFIED*[1] COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND REQUEST FOR TEMPORARY RESTRAINING ORDER</u>

      COMES NOW, Hinkle Family Fun Center, LLC., by and through undersigned counsel Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) with its Complaint for Just Compensation.

## **PARTIES AND JURISDICTION**

      1.     Plaintiff Hinkle Family Fun Center, LLC ("HFFC") is a New Mexico limited liability company domiciled and operating in Albuquerque, NM.

      2.     Plaintiff Bryan Hinkle and Douglas Hinkle are owners of Hinkle Family Fun Center, LLC, that operates HFFC to earn a living as their chosen profession.

      3.     Michelle Lujan Grisham is the Governor of New Mexico.

      4.     Kathyleen M. Kunkel is the Secretary of the State of New Mexico Department of Health.

---

[1] *See* Exhibit 5 attached hereto.

1

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because, Plaintiffs allege a current and imminent continuing violation of their rights under the Constitution of the United States.

6. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because this action presents an actual controversy within the Court's jurisdiction.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants are residents of and/or perform their official duties in this district. In addition, all of the events giving rise to the claims in this Complaint arose in this district.

## GENERAL ALLEGATIONS

8. At all times material to the allegations of this Complaint, Plaintiffs owned and operated a business in Bernalillo County that was subject to the public health orders of the Department of Health and the Executive Orders of the Governor.

9. As a result of the Covid-19 pandemic, beginning in March 2020 and continuing to the present, the State, acting through the Department of Health and through the Governor, enacted a series of public health orders in response to the emergency public health crisis under the authority of the Public Health Act ("PHA"), N. M. S. A. 1978, § 24-1-1 *et seq.,* the Public Health Emergency Response Act ("PHERA"), N. M. S. A. 1978, § 12-10A-1 *et seq.,* and the All Hazards Emergency Management Act ("AHEMA"), N. M. S. A. 1978, § 12-10-1 *et seq*. *See* attached Exhibits 1-4.

10. Plaintiff Hinkle Family Fun Center LLC is a recreational entertainment/activity venue offering a game room with over 90 redemption, merchandizing, video games, a fully stocked prize redemption center, a snack bar, party tables, Lazer Frenzy, plus outdoor attractions including bungee jump, trampoline area, two 18-Hole Miniature Golf Courses, Go-Karts, Bumper Boats and a Rock Climbing Wall.

2

On the other side of the parking lot is a 20,000 square foot two-story building hosting New Mexico's only XD Dark Ride, a 5,000 square foot Lazer Tag arena and a second Game Room with over 100 redemption, merchandizing, video games, plus its own fully stocked prize redemption center.  In addition, this building hosts Virtual Reality Pods, Bumper Cars, Light Space, a snack bar and party tables.  A third smaller building offers Hinkle Family Fun Center's Paintball outdoor arena. In addition, we own at the location an 8-screen movie theater that is leased to Regal Entertainment. As a result of the above referenced public health orders, Plaintiffs were required to cease operations of their business beginning on March 23, 2020 (EX. 1). The order devastated the Plaintiffs' business, which is heavily reliant on summer traffic when children are not in school. Even if Plaintiffs had been allowed to open with reduced capacity, the 14-day quarantine imposed by Governor Michelle Lujan Grisham would have prohibited Plaintiffs from fully operating their business and substantially damaged its income as tourism was effectively halted in New Mexico. (EX. 4)

11. As a result of the above referenced public health orders, the Plaintiffs were required to close their doors beginning on March 24, 2020 by the public health order of March 23, 2020, which completely prohibited the Plaintiffs' business from operating, and the Plaintiffs' business yet remains to be reopened. *See* EX. 5.

12. Pursuant to the public heath orders the Plaintiffs have not been able to operate their business since the March 23, 2020 order. The order effectively devastated the operations of the Plaintiffs, as the Plaintiffs were no longer able to open their doors for business as venues such as Hinkle Family Fun Center, and movie theaters were ordered closed and unessential. (EX. 5.)

13. Moreover, as the pandemic has progressed and the stated emergency reason (flattening the curve, building up health care capacity, not overwhelming the health care system

with COVID-19 cases and preventing a high death toll from the disease) has either never materialized or has been successfully abated months ago; yet Plaintiffs' business has been required to remain closed. (EX. 5)

14. In the months that followed the shutdown on March 24, 2020, other businesses that provide similar if not identical activities to Plaintiff HFFC have been allowed to resume, such as golf, rock climbing gyms, restaurants, and health care facilities. The disparate treatment of letting some business open for activities such as rock climbing, but not letting rock climbing open at Plaintiffs' facility has no basis in science and is arbitrary and capricious. (EX 5.)

15. Plaintiffs could have and still can implement the same safety precautions, policies and procedures that similar businesses were able to implement in order to resume business operations. Plaintiffs have invested a tremendous amount of financial resources, time and effort into all aspects of their businesses, including, but not limited to, the purchase or lease of equipment, inventory and physical business facilities; advertising; training and hiring of employees; and, customer development, as well as other expenses such as mortgage payments.

16. Defendants' Orders have so deprived Plaintiffs of the economic benefits and use of their property that the resulting financial impact will adversely impact these Plaintiffs' business for an indefinite period and, unless immediately rescinded, threaten the future viability and sustainability of the business. There is no reasonable or substantial basis between Defendants' Orders permitting one business to provide certain services while prohibiting a similar business from operating based upon an arbitrary classification when both businesses are capable of implementing the same safety precautions, policies and procedures.

**CAUSE OF ACTION NO. I – SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983**

17. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

18. The March 23, 2020, Business Shutdown Order compelled the closure of the physical operations of all business and entities that the Secretary of Health deemed to be non-essential, and threatened criminal prosecution and fines for those who violate the Public Health Orders.

19. The Business Shutdown Order, and the succeeding orders issued since that time have required that Plaintiff HFFC remain closed while allowing certain business and certain sizes of business to reopen or remain open. Defendants' Orders constitute arbitrary, capricious, irrational and abusive conduct that interferes with Plaintiffs' liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

20. The Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference.

21. The Plaintiffs have a right to protection from arbitrary action of the government.

22. Substantive Due Process prevents the government from engaging in conduct that "shocks the conscious" or that interferes with the concept of ordered liberty.

23. Defendants' actions constitute official policy, custom and practice of the State of New Mexico. Defendants' actions shock the conscience of the citizens of this State and of the Court.

24. Defendants' actions do not comport with the traditional ideas of fair play and decency.

25. Plaintiffs have the right to pursue lawful employment as they shall determine and be free of governmental interference.

26. The shutdown has caused and is causing citizens of New Mexico to lose their jobs,

and/or their livelihoods.

## CAUSE OF ACTION II - PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983

27. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

28. The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

29. No due process protections have been afforded to Plaintiffs, or any citizen of New Mexico as required by the United States Constitution of a pre-deprivation or post deprivation process that allows for any opportunity, much less a meaningful opportunity to be heard and address the propriety of the government's actions.

30. Neither the initial Business Shutdown Order, nor subsequent orders on easing of the shutdown for some business, provide due process protections set forth herein. With no process by which to appeal the shutdown orders without any explanation, constitutes an unexplained inconsistency and is arbitrary and capricious.

31. All fundamental rights comprised within the term liberty, including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

32. The Business Shutdown Order deprives Plaintiffs, and many residents of New Mexico of fundamental property rights without due process of law, based solely upon discretion of Defendants, which discretion is not subject to appeal rights.

## VIOLATION OF EQUAL PROTECTION - 42 U.S.C. § 1983

33. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

34. The Equal Protection Clause requires governments to act in a rational and nonarbitrary fashion.

35. Defendants' actions in classifying businesses into "essential" and "non-essential" are arbitrary and irrational given that there has never been such a classification of business activity and the Defendants' attempts to classify such categories is nothing more than *ipse dixit*.

36. Defendants' actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

37. On June 5, 2020, Secretary Kunkel began easing stay restrictions on some businesses and activities previously implemented. Said orders eased the restrictions on some businesses, and not others engaged in identical or near identical services.

38. The easing of restrictions on some businesses, and not in other counties, is not rational and is an arbitrary exercise of Defendant Kunkel's power.

39. The Defendants' orders were nothing more than an arbitrary decision-making tool that relies on the speculations of the Defendants.

40. Defendants' decision not to ease stay business closure restrictions on all business impedes Plaintiffs' fundamental right to use their private property without the government imposing arbitrary or irrational restrictions on the use of the property.

41. Defendants' actions have caused Plaintiffs to be completely deprived of the use and control of their private property while other businesses in offering similar services will be authorized to operate under conditions that could have been met by Plaintiffs in their business.

42. As such, Defendants' refusal to ease the closure order relating to recreational

facilities such as Plaintiff HFFC, but to ease restrictions for other similarly situated business, will continue to cause harm to Plaintiffs, as they will the will continue to be prohibited from operating their businesses pursuant to the Business Shutdown Order and the subsequent public health orders

### JURY DEMAND

Plaintiff requests a trial by a jury of six (12) persons.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

(1) a Declaratory Judgment that issuance and enforcement of the Business Shutdown Order and the continuing public health orders that require businesses to remain closed is unconstitutional for the reasons stated herein, and that the actions of the Defendants are unlawful and unconstitutional;

(2) a temporary restraining order to prohibit Defendants from enforcing the public health orders in the arbitrary and capricious manner and fashion engaged by Defendants that keeps businesses like Plaintiffs' closed and unable to even open under similar conditions and restrictions as other businesses;

(3) a preliminary and permanent injunction to prohibit Defendants from enforcing the public health orders in the arbitrary and capricious manner and fashion engaged by Defendants that keeps businesses like Plaintiffs' closed and unable to even open under similar conditions and restrictions as other businesses;

(4) a declaration that the rights of the Plaintiffs and the citizens of New Mexico have been violated by the various actions of the Defendants and the said Defendants are

        enjoined from engaging in such violations and declaring them to be null and void ab initio;

(5)    award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1983 and 1988; and,

(6)    such other relief as this Court deems appropriate.

        Respectfully submitted,

        */s/ A. Blair Dunn*
        A. Blair Dunn, Esq.
        abdunn@ablairdunn-esq.com
        Jared R. Vander Dussen, Esq.
        Warba.llp.jared@gmail.com
        Western Agriculture, Resource
        and Business Law Advocates, LLP
        400 Gold St. SW, Suite 1000
        Albuquerque, NM 87102
        (505)750-3060; Fax (505)226-8500